```
Michelle L. Roberts - CA STATE BAR NO. 239092
Cassie Springer-Sullivan - CA STATE BAR NO. 221506
SPRINGER-SULLIVAN & ROBERTS LLP
410 - 12th Street, Suite 325
Oakland, CA  94607
Telephone: (510) 992-6130
Facsimile: (510) 280-7564
E-mail: css@ssrlawgroup.com
        mlr@ssrlawgroup.com
```

*Attorneys for Plaintiff*

**DENIED** — Judge Maria-Elena James

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| HANNA ZEWDU,<br><br>               Plaintiff,<br>vs.<br><br>CITIGROUP LONG TERM DISABILITY PLAN,<br><br>               Defendant. | Case No. C 08-05770 MMC (MEJ)<br><br>**PLAINTIFF'S OBJECTION TO THE LATE-FILED DECLARATION OF REBECCA R. HULL IN SUPPORT OF OPPOSITION OF CITIGROUP LONG TERM DISABILITY PLAN**<br><br>Date: January 14, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom B, 15th Floor<br>Hon. Maria-Elena James |

Plaintiff objects to the filing of the Declaration of Rebecca R. Hull, Docket Entry # 51 for the following reasons:

1.   Defendant filed the Declaration of Rebecca R. Hull without court approval in violation of Civil Local Rule 7-3(d), which states in pertinent part, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Defendant did not seek court approval nor did counsel for Defendant seek any stipulation from Plaintiff's counsel before unilaterally filing the declaration.

2.   Ms. Hull's claim that Ms. Sullivan's physical location prevented her from faxing her signature is disingenuous at best. The Sullivan Declaration was said to be executed in Mt. Prospect, IL. Coincidentally, MetLife's office, and presumably Ms. Sullivan's workplace, is located at 1660 Feehanville Drive, Mt Prospect, IL 60056-6014. As Plaintiff noted in her Reply brief, Ms. Sullivan

1   provided Ms. Hull with a declaration for another ERISA case involving a different disability plan. *See*
2   Reply at p. 1, FN 1. That declaration was also signed in Mt Prospect, IL, a location from where Ms.
3   Sullivan was previously able to provide Defendant's counsel with her signature. In this day and age of
4   advance technological developments, it is hard to believe that Ms. Sullivan did not have access to a fax
5   machine or scanner in the same location as her workplace for a large insurance company, but yet she was
6   able to communicate her authority to file the declaration to Ms. Hull in California.

7       3.    Rebecca Hull's "explanation" for the late filing does not remedy Defendant's
8   violation of the ECF General Order, which states in pertinent part,

> The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document.

11  ECF General Order XB. Ms. Hull could have very easily filed her attestation on December 24, 2009 but
12  chose not to do so. Only after Plaintiff raised in the issue in her Reply brief did Defendant seek to obtain
13  an actual signature from Ms. Sullivan.

14      4.    Ms. Hulls' claim that Ms. Sullivan's physical location prevented her from faxing the
15  signature is hearsay and lacks foundation. Because of the suspect nature of the late-produced signature,
16  Plaintiff requests that the Court order Defendant to produce all of the communications between
17  Defendant's counsel and Ms. Sullivan regarding her declaration.

19  For these reasons, Plaintiff requests that the Court sustain Plaintiff's objection and strike the
20  Declaration of Rebecca R. Hull filed on January 6, 2010 and the Declaration of Laura Sullivan.

22  Dated: January 6, 2010                Respectfully submitted,
23                                              Springer-Sullivan & Roberts LLP

25                                      By:    /s/*Michelle L. Roberts*
                                                 Michelle L. Roberts