UNITED STATES DISTRICT COURT

Northern District of California

HANNA ZEWDU,

        Plaintiff,

  v.

CITIGROUP LONG TERM DISABILITY PLAN,

        Defendant.
_____/

No. C 08-05770 MMC (MEJ)

**ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS (DKT. #33);
ORDER RE DISCOVERY DISPUTES (DKT. ##40, 41)**

## I. INTRODUCTION

Before the Court are Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37, (Dkt. #33), and the parties' two joint discovery dispute letters. (Dkt. ##40, 41.) After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court **ORDERS** as follows.

## II. BACKGROUND

Plaintiff Hanna Zewdu filed the present action against Defendant CitiGroup Long Term Disability Plan to recover long term disability ("LTD") benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. (Pl.'s Compl., Dkt. #1; Pl.'s Mot. 2:25-26, Dkt. #33.) On November 4, 2009, Plaintiff filed a Motion to Compel Discovery and for sanctions. (Dkt. #24.) On November 5, The Honorable Maxine M. Chesney, the presiding judge in this matter, referred the case to the undersigned for resolution of Plaintiff's Motion for Sanctions and all further discovery disputes. (Dkt. #31.) The undersigned subsequently denied Plaintiff's motion and ordered the parties to meet and confer in person, and thereafter file a joint discovery dispute letter if unable to resolve the dispute. (Dkt. #32.) Plaintiff subsequently filed the present Motion for Sanctions on December 7, 2009. (Dkt. #33.)

On December 18, the parties filed two joint letters regarding the discovery disputes that are also the basis for Plaintiff's Motion for Sanctions. (Dkt. ##40, 41.) Defendant filed its Opposition to Plaintiff's Motion for Sanctions on December 24, 2009, (Dkt. #44), and Plaintiff filed her Reply on December 31, 2009. (Dkt. #49.) The undersigned held a hearing on the matter on January 28, 2010.

## III. DISCUSSION

**A.     Discovery Disputes (Dkt. ## 40, 41)**

Plaintiff contends that Metropolitan Life Insurance Company ("MetLife") wrongfully denied her LTD benefits because it was operating under a structural conflict of interest, in that MetLife both administers and funds the LTD plan (Pl.'s Mot. 2:26-28, Dkt. #33), and that MetLife committed procedural irregularities that resulted in the denial of her claim. (Dkt. #40.)  Plaintiff argues that she is entitled to discovery regarding this structural conflict or any procedural irregularities which could have affected the denial of her benefits. (Pl.'s Mot. 15:23-27, Dkt. #33; Dkt. #40; Dkt. #41.) Plaintiff propounded a set of twenty-one Interrogatories and a set of twenty Requests for Production of documents ("RFP"). Plaintiffs RFPs and Interrogatories can be categorized as seeking information regarding the following: (1) financial incentives of key decision-makers to deny claims, (2) relationship between MetLife's physician consultant and MetLife, (3) training manuals and other manuals relevant to MetLife's administration of claims, including Plaintiff's, and (4) performance evaluations of MetLife employees involved in administering Plaintiff's claim. (Pl.'s Mot. 21:24-27, Dkt. #33.) The parties dispute the propriety of Interrogatory Nos. 2-14 and 18-21, and RFP Nos. 1-20. Plaintiff argues that each of her discovery requests seek to obtain information relevant to the alleged structural conflict of interest, as permitted under Ninth Circuit law. (Pl.'s Mot. 15:26-16:4, Dkt. #33; Dkt. #40.)

In response, Defendant argues that the discovery sought by Plaintiff is outside the scope of the narrow issue of whether the denial of LTD benefits was due to a structural conflict of interest. (Def.'s Opp'n fn 2, 3:22-24, Dkt. #44; Dkt. #40.) Defendant argues that Plaintiff seeks internal documents and records of MetLife, and that the discovery sought by Plaintiff is not in the

possession, custody, or control of Defendant. (Def.'s Opp'n 9:4-8, Dkt. #44.)

1. <u>Legal Standard</u>

If an ERISA benefits plan confers discretionary authority on the plan administrator to determine eligibility for benefits, the reviewing court must review any denial of benefits under an abuse of discretion standard. *Abatie v. Alta Heath & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The court's review must be informed by "the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Id.* at 967. Any such "conflict should be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, ___ U.S. ___, 128 S.Ct. 2343, 2350 (2008) (citing *Firestone*, 489 U.S. at 115). The reviewing court may give more weight to the existence of a conflict when accompanied "by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Abatie*, 458 F.3d at 968. Further, in making this determination, the reviewing court has discretion to consider evidence not contained in the administrative record. *Id.* at 970.

Although such discovery is permitted in the Ninth Circuit, case law is somewhat vague as to the extent that plaintiffs should be allowed to conduct discovery to reveal the nature of a structural conflict. Discovery must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition. *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202, 1205 (C.D. Cal. 2007). The plaintiff must allege that the existence of a conflict or of procedural irregularities impacted the denial of her claim in order to be entitled to this limited discovery. *See Bartholomew v. Unum Life Ins.*, 579 F.Supp.2d 1339, 1342 (W.D. Wash. 2008). In *Wilcox v. Metropolitan Life Ins. Co.,* 2009 WL 57053, at *3 (D. Ariz. Jan. 8, 2009), the court provided an instructive list of areas into which plaintiffs could conduct discovery:

> (1) [W]hether any of the employees or consultants involved in deciding Plaintiff's claim had a financial incentive to deny the claim; (2) Defendant's general approval and termination rates for long-term disability claims, and separately, for long-terms disability claims involving [plaintiff's particular medical issue]; (3) steps Defendant has taken to reduce bias and promote accuracy, such as walling off claims administrators from those interested in firm finances; and (4) any factors or evidence considered by Defendant in denying Plaintiff's claim that are not contained in the administrative record. Defendant shall also produce to Plaintiff any evidence outside

3

the administrative record that Defendant intends to use in showing that the structural conflict did not affect its decision in this case.

In *McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177 (E.D. Cal. March 23, 2007), the plaintiff had been denied LTD benefits and sought discovery related to the structural conflict of interest. The plaintiff requested "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue.]" *Id.* at *4. The court found the requested information discoverable based on *Abatie*, "which specifically noted the relevance of whether or not an administrator has complied with the procedural requirements dictated by the Plan." *Id.* The court limited production "to the time period during which plaintiff's claim was being processed," in accordance with a protective order which had been stipulated to by the parties. *Id.* Additionally, the plaintiff argued that she was entitled to documents which the defendant insisted were already part of the administrative record. The court ordered the defendant to provide plaintiff with "verified, written response[s] confirming that all the items requested . . . have been provided to plaintiff as part of the administrative record." *McCurdy*, 2007 WL 915177, at *2.

Also instructive is *Gessling v. Group Long Term Disability Plan*, 639 F.Supp.2d 947 (S.D. Ind. 2009), another case in which the plaintiff had been denied LTD benefits and sought information relevant to the structural conflict of interest. The court ordered the defendants to turn over performance evaluations of each insurance company employee involved in the administration of the plaintiff's claim, for a five-year period surrounding the time during which plaintiff's claim was administered. *Id.* at 948. The court held that the performance evaluations were discoverable in order to determine whether employees were rewarded for or encouraged or pressured to deny claims. *Gessling*, 639 F.Supp.2d at 948.

Though discovery aimed at revealing the effect of a structural conflict is permissible, in *Dilley v. Metropolitan Life Ins. Co.*, 256 F.R.D. 643 (N.D. Cal. 2009)(C 07-1831 PJH), the court held that discovery must be limited if "the burden or expense of the proposed discovery outweighs

its likely benefit, considering certain factors including the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Dilley*, 256 F.R.D. at 644. Prior to this holding, the court had allowed discovery into uncovering a possible conflict of interest, including the amounts paid by the defendant to the independent medical review company, the number of claims granted or denied based in any way upon medical reviews by that company, the employment agreement between the defendant and the doctors employed by the medical review company, all invoices sent by the independent review company to the defendant regarding plaintiff or her claim, all documents regarding payment by the defendant to the medical review company for work performed on plaintiff's claim, all instructive documents and communications distributed to medical record reviewers by the defendant regarding pain and/or subjective complaints as limited to plaintiff's medical condition, and any documents and communications contained in the Administrative record. *Dilley v. Metropolitan Life Ins. Co.* (No. C 07-1831, Dkt. ##24, 34).

2. Plaintiff's Discovery Requests Which the Court Finds Permissible

Here, the Court finds that certain of Plaintiff's Requests and Interrogatories fall within the limits of permissible discovery, as discussed below.

*a. Interrogatory Nos. 2-6*

Interrogatory Nos. 2-6 seek information regarding the compensation agreement between Dr. Marc Sloan and MetLife, a physician retained by MetLife who reviewed Plaintiff's claim, and the number of disability claims reviewed, granted, and denied by Dr. Sloan. (Roberts Decl., Ex. 2, Dkt. #34.) The Court finds that these interrogatories are permissible. *See Dilley*, (No. C 07-1831, Dkt. ##24, 34) (Discovery permitted as to the employment agreement between the defendant and the doctors employed by the medical review company); *see also Wilcox*, 2009 WL 57053, at *3 (Discovery permitted regarding the defendant's "general approval and termination rates for long-term disability claims, and separately, for long-terms disability claims involving [plaintiff's particular medical issue]").

### b. *Interrogatory Nos. 10-14*

Interrogatory Nos. 10-14 seek information regarding the compensation agreements between MetLife and other medical professionals who reviewed Plaintiff's claim. (Roberts Decl., Ex. 2, Dkt. #34.) The Court finds that these interrogatories are permissible. *See Dilley*, (No. C 07-1831, Dkt. ##24, 34) (Discovery permitted as to the employment agreement between the defendant and the doctors employed by the medical review company).

### c. *Request for Production No. 2*

Request for Production ("RFP") No. 2 seeks all documents contained in the files of either Defendant or MetLife pertaining to Plaintiff's claim during the relevant time period. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds this request permissible to that extent, but impermissible as to the request for MetLife's underwriting file for Defendant. *See Dilley*, (No. C 07-1831, Dkt. ##24, 34) (Ordering production of all invoices sent by the independent review company to the defendant regarding plaintiff or her claim were discoverable).

### d. *Requests for Production Nos. 3-8*

RFP Nos. 3-8 seek documents pertaining to MetLife's training of its medical staff regarding handling of disability claims. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds this request permissible. *See Dilley*, (No. C 07-1831, Dkt. ##24, 34) (Permitting discovery of all instructive documents and communications distributed to medical record reviewers by the defendant regarding pain and/or subjective complaints as limited to plaintiff's medical condition); *see also McCurdy*, 2007 WL 915177, at *4 (Discovery permitted as to "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue]").

### e. *Request for Production No. 9*

RFP No. 9 seeks documents relevant to the procedure utilized by MetLife in evaluating

claims of disability during the relevant time period. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds this request permissible. *See McCurdy*, 2007 WL 915177, at *4 (Discovery permitted as to "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue]").

### f. *Request for Production No. 10*

RFP No. 10 seeks MetLife's claims manuals and procedures and other documents used by MetLife in processing Plaintiff's claim, during the relevant time period. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds this request permissible. *See McCurdy*, 2007 WL 915177, at *4 (Discovery permitted as to "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue]").

### g. *Requests for Production Nos. 11-17*

RFP Nos. 11-17 seek performance evaluations of medical professionals involved in the handling of Plaintiff's claim, and the procedures used to evaluate those employees. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds these requests permissible as to a five-year time period surrounding the administration of Plaintiff's claim. *See Gessling*, 639 F.Supp.2d at 948 (Ordering production of performance evaluations of each insurance company employee involved in the administration of the plaintiff's claim, for a five-year period surrounding the time during which plaintiff's claim was administered).

### h. *Documents Already Contained in the Administrative Record*

In her requests, Plaintiff seeks documents that Defendant insists are already a part of the administrative record. (Roberts Decl., Ex. 3, Dkt. #34.) Interrogatory No. 9 seeks documents made available to Dr. Sloan for review in connection with Plaintiff's claim, and there is no indication that these documents are not part of the administrative record. (Roberts Decl., Ex. 2, Dkt. #34.) RFP

7

No. 1 seeks all documents relied on by MetLife in answering Interrogatory No. 1. (Roberts Decl., Ex. 1, Dkt. #34.) RFP No. 20 seeks all documents that relate to communications between Plaintiff's former employer, Citibank, and MetLife regarding Plaintiff's claim. (Roberts Decl., Ex. 1, Dkt. #34.)

As to these requests, Plaintiff is entitled to verified, written responses confirming that all the items requested were provided to Plaintiff as part of the administrative record, or a declaration confirming the same under penalty of perjury. *McCurdy*, 2007 WL 915177, at *2. However, if the requests are not contained in the administrative record, Plaintiff is entitled to production, under *Wilcox.,* 2009 WL 57053, at *3 (Holding that the plaintiff was entitled to discovery of any information or documents "considered by Defendant in denying Plaintiff's claim that are not contained in the administrative record. Defendant shall also produce to Plaintiff any evidence outside the administrative record that Defendant intends to use in showing that the structural conflict did not affect its decision in this case.")

### 3. Plaintiff's Discovery Requests Which the Court Finds Impermissible

Interrogatory Nos. 1 and 15-17 appear to have been resolved by the parties, as they are not listed as in dispute. (Dkt. #40.) Interrogatory Nos. 7 and 8 seek information regarding Dr. Sloan's time spent reviewing disability claims for MetLife, and time spent on Plaintiff's claim specifically. (Roberts Decl., Ex. 2, Dkt. #34.) This information can be gleaned from the compensation structure that Defendant will be producing, and is unnecessarily duplicative. Thus, the requests are denied. Interrogatory Nos. 18-21 seek documents that would reveal total premiums paid to MetLife, both collectively and by Defendant, for long term disability benefits during 2005-2008, and the amount of benefits paid by MetLife under long term disability plans for the same time period. (Roberts Decl., Ex. 2, Dkt. #34.) However, the Court finds no support for ordering production of this information to Plaintiff.

RFP No. 18 seeks all Physician Consultant Reviews prepared by Dr. Sloan for MetLife from 2005-2008. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds that there is no support for this

request, and Plaintiff can refer to responses to Interrogatory Nos. 4-6 for the number of claims Dr. Sloan has reviewed, granted and denied for MetLife. RFP No. 19 seeks all documents relevant to MetLife's decision to hire Dr. Sloan to conduct reviews. (Roberts Decl., Ex. 1, Dkt. #34.) The Court finds that there is no support for production of such documents.

3. Possession, Custody, or Control of the Documents and Information

Having considered the relevance of Plaintiff's requests, the Court must now determine whether Defendant has the ability to produce the documents and information to which Plaintiff is entitled. Plaintiff argues that she is entitled to production of MetLife documents to which Defendant has access. (Pl.'s Mot. 18:5-6, Dkt. #33.) Plaintiff argues that because MetLife is defending this litigation as the real party in interest, the position that Defendant does not have possession, custody, or control of MetLife documents is mere gamesmanship. *Id.* at 18:7-11. Defendant responds that Plaintiff's argument begs the question because she has not shown that it has the legal right or practical ability to obtain the requested documents. (Def.'s Opp'n fn 9, Dkt. #44.) Defendant argues that Plaintiff should utilize the subpoena process under Federal Rule of Civil Procedure 45 ("Rule") and seek these documents directly from MetLife. *Id.* at 12:16-20. However, Plaintiff contends that, functionally, MetLife is not a third party. (Pl.'s Mot. 18:27-28.)

Rule 34(a) provides that a party may serve requests for production of items in the responding party's possession, custody, or control. The discussion regarding the appropriate scope of discovery aside, the undersigned finds the need for further briefing regarding the issue of whether Defendant has possession, custody or control over the requested documents and information that it claims are in the sole possession of MetLife, a non-party. (Def.'s Opp'n 9:22-10:6, Dkt. #44.) Unless Plaintiff utilizes the Rule 45 subpoena process to obtain the requested documents directly from MetLife, it is necessary to determine whether Defendant does, in fact, have possession, custody, or control over the documents discussed above such that it would be appropriate for the Court to order Defendant to respond. As the parties did not adequately address this issue in their briefs, the Court ORDERS the parties to submit additional briefing as detailed below.

9

## IV. CONCLUSION

Based on the foregoing, the Court hereby ORDERS the parties to submit additional briefing limited to the issue of whether, pursuant to Rule 34(a), Defendant has possession, custody, or control over documents that it claims are in the sole possession of MetLife. The Court ORDERS Plaintiff to file her brief by 5:00 p.m. on Monday, February 22, 2010, and ORDERS Defendant to file its response by March 1, 2010. Each party's brief shall be limited to five pages.

The Court reserves ruling on Plaintiff's Motion for Sanctions, (Dkt. #33), pending review of the parties' further briefing.

**IT IS SO ORDERED.**

Dated: February 12, 2010

Maria-Elena James
Chief United States Magistrate Judge